Hart, J.,
 

 dissenting. In my view, the decision in this case should not be controlled by the holding of this court in the case of
 
 Mitchell, Admx.,
 
 v.
 
 Great Eastern Stages, Inc.,
 
 140 Ohio St., 137, 42 N. E. (2d), 771, 141 A. L. R., 624, because of difference in operative facts.
 

 As required by the statute, Section 614-115, General Code, the policy of insurance here in question indemnified the Glenn Cartage Company as a private motor carrier “against loss sustained by reason of * * * injury to * * * persons * * *• resulting from the negligence of the insured, while operating any vehicle * * * in * * * private motor carrier service,” and by special endorsement, extended such coverage “to all automobiles and trailers * * * hired by the named in
 
 *110
 
 sured * * * only when such * * * hired equipment is being operated, exclusively in the interest of the naiüed insured.” Here the truck was hired by the Glenn Cartage Company but it was owned by James A. Murdock whose obligation under the contract of hiring* was to maintain the truck and keep it in repair at his- own expense.
 

 When the accident occurred, the truck was not being operated in transporting property or in furnishing such transportation service, but was being operated by' Murdock, the owner, after he had been refused employment in transportation service of the cartage company, for his own sole purpose of going to his home with a mere possibility that he might, in the future, make repairs on his truck which again was his obligation and responsibility.
 

 In fact, he had been refused employment, and to all intents and purposes had been discharged for cause for that day so far as his service for the cartage company was concerned. How could he after the refusal to give bim a load and after he had moved away from the zone of such service be said to be in transportation service for the cartage company at the time of the accident?
 

 The' ordinary automobile indemnity insurance policy provides coverage for a specific car wherever operated by the insured or one operating it with the permission or consent of the insured, but the type of policy required to be given by the Public Utilities Commission and here given is a limited policy giving coverage only for the negligence of the operator while or-when any car is being operated in motor-transportation-company service or private-motor-carrier service; and when the operator is an agent, employee or independent contractor he must be engaged in transporting persons or property or providing or furnishing such transportation service for the insured.
 

 
 *111
 
 The term or condition in the policy which provides that liability in such cases may be based only upon a finding that the negligence of the operator caused the injury while he was “operating any vehicle * * * in * * * private motor carrier service” is a most important limitation in such policy and, to warrant a recovery thereunder, compliance with the condition must be established by the evidence. No such evidence appears in the record, and for that reason the judgment should be reversed. '
 

 Matthias, J., concurs in the foregoing.dissenting opinion.